IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

NOV 17 2015

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMIE RICHARD JAMES,<br><br>Defendant. | CR 15-82-BLG-SPW<br><br>OPINION and ORDER |

Before the Court are Defendant Jimmie James's motions to dismiss Counts 1 and 2. James argues that his Indictment was not issued within the applicable statute of limitations, that the pre-indictment delay compels dismissal, and that the Indictment is insufficient. For the following reasons, the Court denies the motions. The Court also exercises its discretion and declines James's request for an evidentiary hearing, as James has not identified any relevant contested issues of fact. *United States v. Cook*, 797 F.3d 713, 719 (9th Cir. 2015).

## I. Background

According to the government, in 2007, law enforcement began investigating an individual for distributing methamphetamine. The investigating agents identified the individual's source of supply as a person this Court will identify as

1

"Peter.[1]" In September 2011, the agents wiretapped the individual's phone and confirmed that Peter was his source of supply.

In November 2011, Peter agreed to cooperate with the investigation. Peter identified James as his source of supply. Peter claimed that from around 2003 until late 2011, he received methamphetamine from James. In addition, a different confidential source told the agents that he saw James's vehicle parked outside of Peter's residence. A pen register also indicated that Peter was in contact several times with a phone subscribed to James.

In April 2015, Peter's brother agreed to cooperate and provide information about the drug trafficking organization. Peter's brother controlled Peter's operations for a brief period of time in 2005.

On July 17, 2015, the grand jury indicted James on two methamphetamine-related charges. The relevant portion of the Indictment provides:

THE GRAND JURY CHARGES:

COUNT I

That beginning in or about 2003, and continuing thereafter until on or about November of 2011, at Billings, Kalispell, and elsewhere in the State and District of Montana, the defendant, JIMMIE RICHARD JAMES, together and with others both known and unknown to the Grand Jury, knowingly conspired and agreed to distribute, and to possess with the intent to distribute, in violation of

---

[1] The Court allowed the government to file its response under seal, as it contains personal and confidential information. Since the information has not yet become publicly known, this Court will use a fictitious name to identify this individual.

21 U.S.C. § 841(a)(1), 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

## COUNT II

That beginning in or about 2003, and continuing thereafter until on or about September of 2011, at Billings, Kalispell, and elsewhere in the State and District of Montana, the defendant, JIMMIE RICHARD JAMES, knowingly possessed, with the intent to distribute, 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

(Doc. 2 at 2).

## II. Analysis

James provides three arguments in support of his motions to dismiss. First, James argues that the applicable statute of limitations had run before the Indictment was issued. Second, James argues that the pre-indictment delay violated James's right to due process. Third, James argues that the Indictment is deficient. The Court will address each argument separately.

### A. Statute of Limitations

Prosecution of the crimes alleged in the Indictment must be instituted within five years after the offense's commission. 18 U.S.C. § 3282(a). For "continuing offenses," the statute of limitations does not begin running until after the defendant has ceased committing the offense. *United States v. Krstic*, 558 F.3d 1010, 1017-18 (9th Cir. 2009). "Conspiracy is a continuing offense." *United States v. Castro*,

972 F.2d 1107, 1112 (9th Cir. 1992), *overruled on other grounds by United States v. Jimenez Recio*, 537 U.S. 270 (2003). Possession with intent to distribute is also a continuing offense. *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013).

Count I alleges that James participated in a conspiracy to possess methamphetamine with intent to distribute from 2003 until November 2011. Since conspiracy is a continuing offense, the five year statute of limitations did not begin to run until James allegedly ceased being a member of the conspiracy. The Indictment was returned on July 17, 2015. Since the Indictment was issued within five years of November 2011, there is no violation of the applicable statute of limitations.

The Court reaches the same conclusion on Count II. Count II alleges that James possessed methamphetamine with intent to distribute from 2003 until September 2011. Since possession with intent to distribute is a continuing offense, the July 17, 2015 Indictment came within the five year statute of limitations.

B. Pre-indictment Delay

"Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). However, there may be circumstances where the government violates the Fifth Amendment's Due Process Clause as a result of excessive pre-indictment delay. *Id.*

To succeed on a pre-indictment delay argument, the defendant must meet both prongs of a two-part test. *Id.* First, the defendant must prove "actual, non-speculative prejudice from the delay." *Id.* (citation omitted). This prong "is a heavy burden that is rarely met." *Id.* (citation omitted). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995). Instead, the defendant must present "definite and non-speculative evidence" that missing evidence has meaningfully impaired his ability to defend himself and is prejudicial to his case. *Corona-Verbera*, 509 F.3d at 1112. Generally, "protection from lost testimony falls solely within the ambit of the statute of limitations." *Id.* at 1113.

For the second prong, the defendant must "show that the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989). The defendant must prove that the government delayed the indictment to gain an unfair "tactical advantage over the accused." *United States v. Lovasco*, 431 U.S. 783, 795 (1977). Prosecutors "have wide latitude to decide when to seek an indictment," and an ongoing investigation is a legitimate reason for delay. *Sherlock*, 962 F.2d at 1355.

The Court finds that James does not meet either prong of the test. As to the first prong, James does not offer any evidence or argument that he has suffered actual, non-speculative prejudice from the delay. James does not point to any specific missing evidence, and therefore he does not meet his heavy burden of showing actual prejudice.

Since the Court finds that James has not shown actual prejudice, the Court is not required to reach the second prong of the test. *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992). Nonetheless, the Court briefly addresses the second prong and finds that the government did not delay the indictment to gain a tactical advantage. While the government had been investigating James since 2011, the government sought the indictment soon after securing the cooperation of Peter's brother. The government is "under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *Lovasco*, 431 U.S. at 791. The Court cannot second guess the government's decision to delay indictment until it felt secure in its ability to present enough evidence to convict James. Since James cannot meet either prong of the test, the government did not violate the Due Process Clause by delaying the Indictment until July 2015.

## C. Sufficiency of the Indictment

James argues that the Indictment is "structurally flawed" and does not provide adequate notice of the allegations. The Court disagrees.

Fed. R. Crim. P. 7(c)(1) provides:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. For purposes of an indictment referred to in section 3282 of title 18, United States Code, for which the identity of the defendant is unknown, it shall be sufficient for the indictment to describe the defendant as an individual whose name is unknown, but who has a particular DNA profile, as that term is defined in that section 3282.

"An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982). Typically, it is enough for an indictment to set forth the elements of the charged offense. *United States v. Fernandez*, 388 F.3d 1199, 1218 (9th Cir. 2004). For an allegation of a conspiracy under 21 U.S.C. § 846, the indictment "is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any

7

specific overt act in furtherance of the conspiracy." *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010).

Here, the Court finds that the Indictment is sufficient and adequately apprises James of the allegations. Count I, which alleges a conspiracy to distribute methamphetamine, is substantially similar to the indictment affirmed by the Ninth Circuit in *Forrester*. Like in *Forrester*, James's Indictment "tracks the language of the conspiracy statute, identifies a location and co-conspirators, and alleges the purpose of the conspiracy." *Forrester*, 616 F.3d at 941. While the Indictment does not specifically identify James's alleged co-conspirators, the words "together and with others both known and unknown to the Grand Jury" are sufficient. *United States v. Thomas*, 348 F.3d 78, 83-84 (5th Cir. 2003); *see also United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011).

Similarly, Count II of the Indictment is sufficient. The Indictment lists the elements of 21 U.S.C. § 841(a)(1), identifies the location of the alleged offense, and provides the time frame of the alleged offense. Accordingly, the Indictment adequately apprises James of the charges against him, enables him to prepare a defense, and allows him to avoid double jeopardy on the same charge. *Forrester*, 616 F.3d at 941.

## III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to

Dismiss Count I (Doc. 37) and the Motion to Dismiss Count II (Doc. 38) are

DENIED.

DATED this _17th_ day of November, 2015.

SUSAN P. WATTERS
United States District Judge