IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 15-82-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | OPINION and ORDER |
| JIMMIE RICHARD JAMES, | |
| Defendant. | |

Before the Court is Defendant Jimmie James's Motion for Production of Grand Jury Transcript Pursuant to Rule 6(e)(3)(E)(ii). James argues that he is entitled to the grand jury transcript to see if there is any material that supports his separately-filed motion to dismiss this case due to pre-indictment delay.[1] James also argues that he is entitled to review the grand jury transcript to determine whether any exculpatory or impeachment information was presented to the grand jury.

Because "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings... courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." *Douglas Oil Co. of California v. Petrol*

---

[1] By separate order, this Court has denied that motion.

1

*Stops Nw.*, 441 U.S. 211, 218-19 (1979). One exception to grand jury secrecy is found at Fed. R. Crim. P. 6(e)(3)(E)(ii), which states:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> > **(ii)** at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

The party seeking grand jury transcripts must demonstrate "that a particularized need exists that outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). "Particularized need must be based on more than mere speculation." *United States v. Syling*, 553 F. Supp. 2d 1187, 1190 (D. Haw. 2008).

Here, the Court finds that James has not shown a particularized need for the grand jury transcripts. While James contends that the transcripts are needed to bolster his argument about the pre-indictment delay, the Court has already found that James cannot show any actual prejudice needed to dismiss a case due to pre-indictment delay. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). Since James cannot meet the threshold requirement, there is no particularized need to review the grand jury transcripts.

The Court also finds that James is not entitled at this time to review the grand jury transcripts to see if they contain exculpatory or impeachment material. The disclosure of grand jury transcripts for impeachment purposes is governed by

2

the Jencks Act. 18 U.S.C. § 3500(e)(3). The Jencks Act limits this Court's authority to order the production of such statements until after the government witness testifies on direct examination. 18 U.S.C. § 3500(a). A defendant's motion under the Jencks Act is premature if made prior to trial. *Ogden v. United States*, 303 F.2d 724, 734 (9th Cir. 1962).

For the foregoing reasons, IT IS HEREBY ORDERED that the motion (Doc. 42) is DENIED.

DATED this 17th day of November, 2015.

SUSAN P. WATTERS
United States District Judge